U.S. DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
(SOUTHERN DIVISION)

JUANITA SILCIO                                                    PLAINTIFF

VS.                                              CAUSE NO.: _1:25cv81 HSO-BWR_

HANCOCK COUNTY WATER AND
SEWER DISTRICT                                                   DEFENDANT

## COMPLAINT

NOW COMES JUANITA SILCIO, Plaintiff, and files this her Original Complaint against HANCOCK COUNTY WATER AND SEWER DISTRICT, its affiliates, subsidiaries and other related entities, under any name by which they are known, and for causes of action would show the Court as follows:

### INTRODUCTION

1. Juanita Silcio was an employee of the Hancock County Water and Sewer District (hereafter the "Defendant") for almost twenty-five years before the Defendant suddenly, and without explanation, terminated her employment.

2. In the months before she was terminated, the Defendant began publicly pressuring Mrs. Silcio to retire, asking several times in public meetings when she planned to retire. The Defendant began pressuring her to retire after she was hospitalized for five days for atrial fibrillation.

3. This is an action to recover damages for violation of the Family and Medical Leave Act ("FMLA") and The Age Discrimination in Employment Act ("ADEA").

### PARTIES

4. Plaintiff, Juanita Silcio, is an adult resident citizen of Hancock County, Mississippi.

5.  Defendant, Hancock County Water and Sewer District, is a utility company providing services for Hancock County, Mississippi, and may be served with process at 7040 Stennis Airport Road, Kiln, Mississippi 39556.

## JURISDICTION AND VENUE

6.  This court has subject matter jurisdiction under 28 U.S.C § 1331, based upon federal question subject matter jurisdiction. Personal jurisdiction over the Defendant is proper because the Defendant is organized and principally located within Mississippi.

7.  Venus is proper in this District under 28 U.S.C. 1391 because the Defendant resides in this District and the events giving rise to this claim occurred in this District.

## ADMINISTRATIVE PREREQUISITES

8.  Plaintiff has fulfilled all conditions precedent to filing of this suit under the applicable statutes and has duly exhausted all administrative prerequisites prior to instituting this action in accordance with the law. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff has been issued a Right to Sue Letter by the EEOC and this suit is being filed within ninety days of Plaintiff's receipt of said Right to Sue Letter. Plaintiff's Charge of Discrimination and Right to Sue Letter are attached as Combined Exhibit A.

## VICARIOUS LIABILITY

9.  Defendant is responsible for the acts and/or omissions of its agents and employees under the theory of *respondeat superior*, apparent/ostensible agency, and/or agency by estoppel as those concepts are understood under applicable law.

FACTUAL ALLEGATIONS

10. Mrs. Silcio was employed by the Defendant as its Comptroller for almost twenty-five years. She was employed by the Defendant from approximately January 1, 2000 to August 8, 2024.

11. Mrs. Silcio was an exemplary employee with a history of distinguished service.

12. Mrs. Silcio was hospitalized for a surgical procedure on her heart on or around June 2, 2023, and was out of work for approximately five days after this procedure. Additionally, she was hospitalized and out of work for five days in June of 2024 for atrial fibrillation. She also was out of the office for related medical appointments during this time, but attempted to only take leave for the minimum amount of time required to attend the medical appointments. She followed all applicable protocols and procedures for taking time off of work for her health condition.

13. In July 2024, Mrs. Silcio's husband experienced a collapsed lung, and she missed two to three days of work while he was in the hospital for this condition. She followed all applicable protocols and procedures for taking time off of work for her husband's health condition.

14. Mrs. Silcio's conditions constituted serious health conditions within the meaning of the FMLA.

15. Mrs. Silcio was an "eligible employee" as that term is defined under the FMLA, who was entitled to leave under the Act. Mrs. Silcio put Defendant on notice of her medical leave, including by directly notifying her supervisor.

16. Mrs. Silcio had worked at least 1,250 hours for the Defendant in the 12-month period before she took FMLA-protected medical leave described above.

17. Defendant is a covered employer as defined by the FMLA.

18. Defendant's board members at the relevant times were Farron Hoda, Bob Castoro, and Steve Hathorn.

19. On at least one occasion while Mrs. Silcio was out of work for medical treatment related to atrial fibrillation, board member Farron Hoda sent her a text message criticizing her for frequent doctor visits.

20. Upon returning to work after her June 2024 hospitalization, Mrs. Silcio was called to a public Hancock County Water and Sewer Board meeting, where she was asked publicly when she planned to retire.

21. She was subsequently questioned publicly by board members about when she intended to retire.

22. On August 8, 2024, Plaintiff was called into a board meeting, where she was terminated by Bob Castoro.

23. Plaintiff was seventy-one years old when she was terminated by the Wastewater District.

24. The two other employees in Mrs. Silcio's department were approximately fifty and thirty years old.

25. Mrs. Silcio was treated differently than her younger colleagues, and held to a different standard than these colleagues.

<u>COUNT I – AGE DISCRIMINATION - ADEA</u>

26. The Defendant's discriminatory treatment of Mrs. Silcio and the termination of her employment was motivated by and due to Plaintiff's age (over forty). Defendant's actions were willful. As such, Defendant's conduct constituted unlawful employment practices in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq*. ("ADEA").

<u>COUNT II – FMLA INTERFERENCE AND RETALIATION</u>

27. In violation of 29 U.S.C. §2601, *et seq*., Defendant interfered with Mrs. Silcio's FMLA leave an retaliated against her for engaging in protected activities under the FMLA by terminating Plaintiff's employment because she took FMLA-protected leave.

28. Plaintiff suffered an adverse employment action in the form of termination. There was a causal connection between Plaintiff's FMLA-leave and the termination. Defendant's conduct was willful.

**<u>DAMAGES</u>**

29. The effect of Defendant's wrongful conduct as described above has been to deprive Plaintiff of equal employment opportunities and to otherwise affect Plaintiff's status as an employee.

30. As a proximate result of Defendant's actions, Plaintiff seeks damages and other relief for harms and losses as follows:

   a. Back pay;

   b. Lost benefits in the past and in the future, including reduced PERS retirement benefits caused by her termination before she reached full retirement;

   c. Equitable relief:

      i. An order of reinstatement or, if reinstatement is impracticable, front pay in an amount the Court deems equitable and just to make Plaintiff whole;

      ii. An injunction ordering Defendant to implement a new training program to train management on how to properly return employees to work following FMLA leave;

      iii. An injunction ordering Defendant to include a copy of the verdict in the Plaintiff's personnel file.

d.  Liquidated damages equal to the actual damages awarded plus interest pursuant to 29 U.S.C. §2617(a)(1)(A)(iii) and 29 U.S.C. §626(b);

e.  Reasonable attorneys' fees, expert fees, and other litigation expenses, and court costs; and

f.  Pre- and post-judgment interest.

## JURY DEMAND

31. Plaintiff respectfully requests that this Court impanel a lawful jury to hear this case.

## PRAYER FOR RELIEF

Plaintiff, Juanita Silcio, prays for actual, compensatory, special and liquidated damages in the amount to be determined by a jury, reinstatement, and for reasonable attorney's fees.

This the 20th day of March, 2025.

Respectfully submitted,

JUANITA SILCIO, PLAINTIFF

BY:    DAVIS & CRUMP, P.C., her attorneys


/s/ Trevor B. Rockstad
TREVOR B. ROCKSTAD, ESQUIRE
MS Bar No.: 103614
Email: trevor.rockstad@daviscrump.com
DAVIS & CRUMP, P. C.
2601 14th Street
Gulfport, Mississippi 39501
Telephone:    228-224-7045
Facsimile:    228-864-0907