IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JUANITA SILCIO                                                     PLAINTIFF

VERSUS                                CAUSE NO.: 1:25-cv-00081-HSO-BWR

HANCOCK COUNTY WATER AND
SEWER DISTRICT                                            DEFENDANT

**HANCOCK COUNTY WATER AND SEWER DISTRICT'S**
**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant, Hancock County Water and Sewer District, by and through its attorneys of record, and files this its Answer and Defenses to Plaintiff's Complaint, and would show unto the Court as follows:

**FIRST DEFENSE**

Plaintiff's Complaint (hereinafter, "Complaint") fails to state a claim against this Defendant for which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

Defendant hereby pleads and affirmatively avails itself of any and all good faith defenses available to it under Rules 12(b)(1) through 12(b)(7) of the Federal Rules Civil Procedure. Defendant hereby preserves and specifically does not waive any defense which might be or become available to it as discovery proceeds and the facts of the case develop.

**THIRD DEFENSE**

**ANSWER**

AND NOW, without waiving the right to be heard on the foregoing defenses, this Defendant would respond to Plaintiff's Complaint paragraph-by-paragraph as follows:

# INTRODUCTION

1. Denied.

2. Denied.

3. Paragraph 3 of Plaintiff's Complaint does not appear to be directed at this Defendant. To the extent Paragraph 3 is directed at this Defendant, Defendant denies that Plaintiff is entitled to any damages or other relief under the Family and Medical Leave Act ("FMLA") or the Age Discrimination in Employment Act ("ADEA"). Defendant further denies that it violated the FMLA or the ADEA.

# PARTIES

4. This Defendant is without sufficient information to admit or deny the allegations in Paragraph 4 of Plaintiff's Complaint and, therefore, denies the same.

5. Admitted.

# JURISADICTION AND VENUE

6. Admitted.

7. Admitted.

# ADMINISTRATIVE PREREQUISITES

8. Denied.

# VICARIOUS LIABILITY

9. Denied.

# FACTUAL ALLEGATIONS

10. Defendant admits that it employed Plaintiff as comptroller for almost 25 years and that Plaintiff's employment with Defendant ended on August 8, 2024. The remaining allegations of Paragraph 10 of Plaintiff's Complaint are denied as stated.

11. Denied.

12. Denied upon information and belief.

13. Denied upon information and belief.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Defendant admits that Farron Hoda, Bob Castoro, and Steve Hathorn were its board members at the time of the event giving rise to this suit. The remaining allegations of Paragraph 18 of Plaintiff's Complaint are denied as stated.

19. Denied upon information and belief.

20. Denied.

21. Denied as stated.

22. Denied as stated. Defendant admits that, on August 8, 2024, its board eliminated Plaintiff's position.

23. Denied as stated.

24. Denied as stated.

25. Denied.

### COUNT I – AGE DISRIMINATION – ADEA

26. Denied.

### COUNT II – FMLA INTERFERENCE AND RETALIATION

27. Denied.

28. Denied.

## DAMAGES

29. Denied.

30. Defendant denies that Plaintiff is entitled to any damages or other relief, as follows:

    a. Denied.

    b. Denied.

    c. Defendant denies that Plaintiff is entitled to equitable belief, as follows:

        i. Denied.

        ii. Denied.

        iii. Denied.

    d. Denied.

    e. Denied.

    f. Denied.

## JURY DEMAND

31. Defendant also requests that the Court impanel a jury for trial of this cause.

## PRAYER FOR RELIEF

In response to the last unnumbered paragraph it is expressly denied that Plaintiff is entitled to any judgment whatsoever against this Defendant.

## FOURTH DEFENSE

## AFFIRMATIVE DEFENSES

AND NOW, having answered the allegations of the Complaint, paragraph by paragraph, Defendant would assert the following additional defenses and matters.

## FIRST AFFIRMATIVE DEFENSE

All allegations of Plaintiff's Complaint against Defendant not specifically admitted herein are denied.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the employment-at-will doctrine.

## THIRD AFFIRMATIVE DEFENSE

Defendant is not a "covered employer" under the FMLA.

## FOURTH AFFIRMATIVE DEFENSE

Defendant is not a "covered employer" under the ADEA.

## FIFTH AFFIRMATIVE DEFENSE

Defendant did not discriminate against Plaintiff on the basis of her age. Defendant had legitimate, non-discriminatory reasons for its employment decisions.

## SIXTH AFFIRMATIVE DEFENSE

Defendant did not discriminate or retaliate against the Plaintiff due to her medical conditions or any leave she allegedly requested as a result of those medical conditions. Defendant had legitimate, non-discriminatory, non-retaliatory reasons for its employment decisions regarding the Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant acted in good faith and had an objectively reasonable basis for believing its conduct did not violate the FMLA or the ADEA and expressly denies that its conduct violated the FMLA or ADEA. The Plaintiff is not entitled to liquidated damages pursuant to the 29 U.S.C. § 2617(a)(1)(A)(iii) or 29 U.S.C. § 626(b) (or for damages in any amount), or reinstatement, employment, or promotion.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to make an application to Defendant for the use of FMLA leave or provide sufficient notice to the Defendant that her request for leave was based upon a qualifying reason.

## NINTH AFFIRMATIVE DEFENSE

Notwithstanding Defendant's denial that the plaintiff's medical conditions and/or her alleged use of FMLA leave played any role in Defendant's employment decisions regarding her, even if such conditions and/or alleged use of leave were found to have been a factor in Defendant's employment decisions, Defendant would have taken the same actions absent her medical conditions and/or alleged use of leave.

## TENTH AFFIRMATIVE DEFENSE

All or a portion of Plaintiff's claims are barred by her failure to timely exhaust available internal or external administrative remedies.

## ELEVENTH AFFIRMATIVE DEFENSE

Any claims not made the subject of a timely Charge of Discrimination with the EEOC are barred and must be dismissed.

## TWELTH AFFIRMATIVE DEFENSE

Defendant invokes all applicable damages limitations and caps.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any damages which she could have mitigated. Additionally and/or alternatively, any interim earnings by Plaintiff (including, but not limited to, unemployment benefits and compensation) are a set off to any attempt to secure an award of back pay or other form of damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by applicable statutes of limitation, including but not limited to limitations provisions under or applicable to the ADEA and the FMLA.

## FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are barred by the after-acquired evidence doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant pleads and affirmatively avails itself of any and all good faith defenses available to it under Federal Rule of Civil Procedure 8(c) including, but not limited to, contributory/comparative fault, payment, accord and satisfaction, statute of limitations, waiver, estoppel, and/or laches.

## SEVENTEETH AFFIRMATIVE DEFENSE

The Plaintiff has failed to plead special damages with particularity as required by F.R.C.P. 9(g).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend its Answer and Defenses to assert any additional defenses which may become available or apparent as this action develops.

WHEREFORE, PREMISES CONSIDERED, Hancock County Water and Sewer District respectfully asks that the Court dismiss Plaintiff's claims with prejudice.

DATED: THIS the 2nd day of May, 2025.

    Respectfully submitted,

    HANCOCK COUNTY WATER AND SEWER
    DISTRICT, DEFENDANT

BY: */s/ Randolph S. Mikell*
     OF COUNSEL

# CERTIFICATE OF SERVICE

I, the undersigned of counsel for Defendant Hancock County Water and Sewer District, do hereby certify that I have this day electronically filed the *Answer and Defenses to Plaintiff's Complaint* via ECF, which sent notification of this filing to all interested counsel.

SO CERTIFIED this the 2nd day of May, 2025.

BY:    */s/ Randolph S. Mikell*
              OF COUNSEL

Prepared By:

GEORGE E. ABDO, III - MS BAR # 9782
gabdo@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
214 KEY DRIVE, SUITE 2000
POST OFFICE BOX 2483
MADISON, MISSISSIPPI 39130-2483
TELEPHONE: 601-969-7607
FASCIMILE: 601-969-1116

RANDOLH S. MIKELL – MS BAR #106673
rmikell@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
2200 25TH AVENUE, SUITE B
POST OFFICE BOX 416
GULFPORT, MS 39502-0416
TELEPHONE: (228) 864-8117
FACSIMILE: (228) 864-6331